UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES RUSSELL RHINES, | ) | CIV. 00-5020-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | SUMMARY JUDGMENT WITHOUT |
| DARIN YOUNG, Warden, South | ) | PREJUDICE AND |
| Dakota State Penitentiary | ) | CONTINUING STAY |
| | ) | |
| Respondent. | ) | |

**PROCEDURAL HISTORY**

Petitioner, Charles Rhines, was convicted of premeditated first-degree murder and third-degree burglary. On January 26, 1993, a jury sentenced him to death by lethal injection. Petitioner appealed his conviction and sentence to the South Dakota Supreme Court. Fourteen issues were raised on direct appeal, including the excusal of prospective juror Diane Staeffler, the state's use of its peremptory challenges, the use of victim impact testimony, and the proportionality review. The South Dakota Supreme Court affirmed petitioner's conviction and sentence and the United States Supreme Court denied further review on December 2, 1996.

Petitioner then applied for a writ of habeas corpus in state court on December 5, 1996. In his state habeas, petitioner raised numerous issues, including ineffective assistance of counsel, the excusal for cause of prospective juror Diane Staeffler, and the constitutionality of the South Dakota capital

punishment statutes. Rhines's state habeas was denied by the trial court on October 8, 1998. The South Dakota Supreme Court affirmed the denial on February 9, 2000.

On February 22, 2000, Rhines filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An amended petition for writ of habeas corpus was filed on November 20, 2000, that alleged thirteen grounds for relief. Respondent alleged that several of the grounds had not been exhausted and were, therefore, procedurally defaulted. On July 3, 2002, this court found that petitioner's grounds for relief Two(B), Six(E), Nine(B), (H), (I), and (J), Twelve, and Thirteen were unexhausted. This court stayed the petition pending exhaustion of Rhines's state court remedies on the condition that Rhines file a petition for habeas review in state court within 60 days and return to federal court within 60 days of completing the state proceedings. The state appealed.

On direct appeal, the Eighth Circuit Court of Appeals vacated the stay and remanded the case so this court could determine whether Rhines could proceed by dismissing the unexhausted claims from his petition. *Rhines v. Weber*, 346 F.3d 799 (8th Cir. 2003). The United States Supreme Court granted certiorari to determine whether a district court may issue an order of stay and abeyance in a mixed petition for habeas corpus, that is, a petition containing exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). The Court held that stay and abeyance is permissible under some circumstances. *Id.*, 544 U.S. at 277. The Court remanded the case to the

2

Eighth Circuit Court of Appeals so it could determine whether this court abused its discretion in granting the stay. *Id.* at 279. The Court specifically stated that "once the petitioner exhausts his state remedies, **the district court will lift the stay and allow the petitioner to proceed in federal court**." *Id.* at 275-76 (emphasis added).

Because this court did not have the benefit of the controlling Supreme Court authority when it issued the order of stay and abeyance in 2002, the Eighth Circuit Court of Appeals remanded the case to this court to analyze the petition for writ of habeas corpus under the new test enunciated in *Rhines*. *Rhines v. Weber*, 409 F.3d 982, 983 (8th Cir. 2005). This court was directed to analyze each unexhausted claim to: (1) determine whether Rhines had good cause for his failure to exhaust the claims in state court, (2) determine whether the claims were plainly meritless, and (3) consider whether Rhines had engaged in abusive litigation tactics or intentional delay. *Id.* (citing *Rhines*, 544 U.S. at 277-28). On December 19, 2009, this court found that Rhines had good cause for failing to exhaust the claims, the claims were not plainly meritless, and Rhines had not engaged in abusive litigation tactics. Docket 73. The court ordered that Rhines's petition for habeas corpus was stayed pending exhaustion in state court. *Id.*

Rhines promptly returned to state court to exhaust his claims. On February 27, 2013, the Circuit Court for the Seventh Judicial Circuit of South Dakota entered judgment in favor of respondent on all of Rhines's claims

3

properly before the court. Rhines timely requested a Certificate of Appealability from both the Circuit Court and the Supreme Court of South Dakota, the latter of which was denied on July 17, 2013. In early October of 2013, Rhines filed a Petition for Writ of Certiorari with the United States Supreme Court.

On September 5, 2013, respondent filed in this court a motion for summary judgment on all claims. Rhines requests additional time to respond to the motion for summary judgment arguing that the motion was improperly filed because the court has not lifted the stay it previously imposed or in the alternative, that additional time is necessary to respond due to the complexity of the motion.

**DISCUSSION**

In *Lawrence v. Florida,* 549 U.S. 327, 333 (2007), the United States Supreme Court found that for purposes of determining the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[s]tate remedies are exhausted at the end of state-court review." As a result, Rhines's state remedies were exhausted when the South Dakota Supreme Court denied his request for a Certificate of Appealability on July 17, 2013.

This does not end the inquiry as to whether the federal habeas action should remain stayed pending resolution of the petition of certiorari to the Supreme Court, however, because the Supreme Court further noted in *Lawrence* that "a district court concerned about duplicative work can stay the habeas application until this Court resolves the case or, more likely, denies the

4

petition for certiorari." *Id.* at 335. Here, some of the same claims are pending in federal district court and the United States Supreme Court. There is no reason to duplicate efforts that would result in judicial inefficiencies inherent from proceedings in two federal courts at the same time on the same case. As a result, the stay will remain in place pending resolution of Rhines's petition for certiorari before the Supreme Court. After the Supreme Court resolves Rhines's petition for certiorari, respondent should move this court to lift the stay.

Because respondent's motion for summary judgment was filed before the court entered an order lifting the stay, the motion is denied without prejudice. After this court enters an order lifting the stay, respondent may refile his motion for summary judgment. Accordingly, it is

ORDERED that respondent's motion for summary judgment (Docket 216) is denied without prejudice.

IT IS FURTHER ORDERED that Rhines's motion to extend time to respond (Docket 217) is denied as moot.

Dated November 25, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE