UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES RUSSELL RHINES,<br><br>             Petitioner,<br><br>    vs.<br><br>DARIN YOUNG, Warden, South Dakota<br>State Penitentiary;<br><br>             Respondent. | 5:00-CV-05020-KES<br><br><br>MEMORANDUM OPINION AND ORDER |

Petitioner, Charles Rhines, moves the court to reconsider its August 5, 2015 order denying his request to hold this proceeding in abeyance for an additional 180 days. Rhines also moves the court for leave to file a supplemental response to respondent, Darin Young's, motion for summary judgment, for leave to file a second amended petition for habeas corpus, and to strike respondent's supplemental statement of material facts. Rhines, acting *pro se*, has filed a motion to suppress evidence and a motion to investigate the Federal Public Defender's Office. Respondent resists the motions. The court denies the motion for reconsideration, denies the motion for leave to file a supplemental response, denies the motion for leave to file a second amended habeas petition, grants the motion to strike, and denies Rhines's two *pro se* motions.

## PROCEDURAL HISTORY

Rhines was convicted of premeditated first-degree murder and third-degree burglary. On January 26, 1993, a jury found that the death penalty should be imposed, and the trial judge sentenced Rhines to death by lethal injection. Rhines appealed his conviction and sentence to the South Dakota Supreme Court. Fourteen issues were raised on direct appeal. The South Dakota Supreme Court affirmed Rhines's conviction and sentence, and the United States Supreme Court denied further review on December 2, 1996.

Rhines applied for a writ of habeas corpus in state court on December 5, 1996. In his state habeas, Rhines raised numerous issues. The trial court denied Rhines's state habeas on October 8, 1998. The South Dakota Supreme Court affirmed the denial on February 9, 2000.

On February 22, 2000, Rhines filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An amended petition for writ of habeas corpus was filed on November 20, 2000, which alleged thirteen grounds for relief. Respondent alleged that several of the grounds had not been exhausted and were, therefore, procedurally defaulted. On July 3, 2002, this court found that eight of Rhines's grounds were unexhausted. This court stayed the petition pending exhaustion of Rhines's claims in state court on the condition that Rhines file a petition for habeas review in state court within 60 days and return to federal court within 60 days of completing the state proceedings. The state appealed.

2

On direct appeal, the Eighth Circuit Court of Appeals vacated the stay and remanded the case so this court could determine whether Rhines could proceed by dismissing the unexhausted claims from his petition. *Rhines v. Weber*, 346 F.3d 799 (8th Cir. 2003). Rhines filed a petition for certiorari with the United States Supreme Court. The United States Supreme Court granted certiorari to determine whether a district court may issue an order of stay and abeyance in a mixed petition for habeas corpus, that is, a petition containing exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). The Court held that stay and abeyance is permissible under some circumstances. *Id.* at 277. The Court remanded the case to the Eighth Circuit Court of Appeals so it could determine whether this court abused its discretion in granting the stay. *Id.* at 279. The Court specifically stated that "once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76 (emphasis added).

Because this court did not have the benefit of the controlling Supreme Court authority when it issued the order of stay and abeyance in 2002, the Eighth Circuit Court of Appeals remanded the case to this court to analyze the petition for writ of habeas corpus under the new test enunciated in *Rhines*. *Rhines v. Weber*, 409 F.3d 982, 983 (8th Cir. 2005). This court was directed to analyze each unexhausted claim to: (1) determine whether Rhines had good cause for his failure to exhaust the claims in state court, (2) determine whether the claims were plainly meritless, and (3) consider whether Rhines had engaged in abusive litigation tactics or intentional delay. *Id.* (citing *Rhines*, 544 U.S. at

3

277-28). On December 19, 2005, this court found that Rhines had good cause for failing to exhaust the claims, the claims were not plainly meritless, and Rhines had not engaged in abusive litigation tactics. Docket 150. The court stayed Rhines's petition for habeas corpus pending exhaustion in state court. *Id.*

On December 21, 2005, Rhines returned to state court to exhaust his claims. On February 27, 2013, the Circuit Court for the Seventh Judicial Circuit of South Dakota entered judgment in favor of respondent on all of Rhines's claims. Rhines timely requested a Certificate of Appealability from both the state Circuit Court and the Supreme Court of South Dakota. His request was denied on July 17, 2013. Rhines filed a petition for certiorari with the United States Supreme Court. The Court denied the petition on January 21, 2014. Docket 223. On February 4, 2014, this court lifted the stay on Rhines's federal habeas corpus proceeding. Docket 224.

After the stay was lifted, respondent moved for summary judgment to deny Rhines's petition for habeas corpus. Docket 225. During the pendency of respondent's summary judgment motion, Rhines moved the court for another stay of this proceeding for a minimum of 180 days. On August 5, 2015, this court denied Rhines's motion for a stay. Docket 272. Oral argument on respondent's motion for summary judgment was then set for October 23, 2015. Docket 273.

Two days before the scheduled oral argument, Rhines moved the court to reconsider the denial of his motion for a stay. Docket 279. Rhines also sought

leave to file a supplemental response to respondent's summary judgment motion and for leave to file a second amended habeas corpus petition. Docket 281; Docket 282. Following oral argument, this court allowed the parties to submit additional briefing on two issues: first, on the interplay between the standards of review applicable to Federal Rule of Civil Procedure 56 and 28 U.S.C. § 2254; and second, on the relationship between *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Cullen v. Pinholster,* 563 U.S. 170 (2011). The parties have completed the round of supplemental briefing.

## DISCUSSION

## I.   **Rhines's Motion for Reconsideration**

Rhines moved for a stay of respondent's summary judgment motion so Rhines's most recently appointed counsel would have time to investigate additional ineffective assistance of trial counsel claims that he argues fall within the purview of *Martinez*. This court denied the motion after finding that any additional ineffective assistance of trial counsel claims would not fall under *Martinez*'s holding. The court found that Rhines received independent counsel between his initial-review collateral proceeding and his federal habeas proceedings. Thus, there was no conflict of interest that interfered with Rhines's federal habeas counsel. Additionally, the court found that Rhines's federal habeas petition raised ten ineffective assistance of trial counsel claims that were considered and rejected by the state habeas courts. Because Rhines was unable to identify any potentially meritorious ineffective assistance claims that should have been raised and were not, the court found that the narrow

5

exception laid out in *Martinez* did not apply to Rhines. Finally, the court found that *Martinez* was decided almost two years before the court lifted the stay on Rhines's federal habeas petition, but Rhines did not seek leave to conduct his investigation until approximately fifteen months later. Because the holding in *Martinez* was an equitable one, the court found that Rhines's delay was a further reason to deny his request for a stay.

Here, Rhines's motion is styled as one for reconsideration of the court's August 5, 2015 order. Because Rhines has not identified any rule of procedure entitling him to the relief he seeks, the court presumes that Rhines intended to seek relief pursuant to Federal Rule of Civil Procedure 60(b). Under that rule, a party can seek relief from a judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The substance of Rhines's motion is that he disagrees with the court's conclusions and asks the court to reconsider his arguments again. *See, e.g.,* Docket 279 at 1 ("This Court's [order] fails to consider the unusual factual scenario that exists in Mr. Rhines' case. Mr. Rhines has not simultaneously had the benefit of effective, independent counsel[.]"). That is

not, however, a sufficient justification for reconsideration of the court's order under any provision of Rule 60(b). *See Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) ("In other words, the motion asserts that the District Court made a legal error. So construed, the motion does not set forth a ground for relief cognizable under Rule 60(b)."); *see also Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under the Rule.").

Facially, then, Rhines is not entitled to relief on his motion for reconsideration. But rather than deny the motion on this basis, the court will assume for the purposes of this discussion that Rhines has advanced a cognizable basis for relief under Rule 60(b) for the court to consider the merits of the parties' substantive arguments.

## II.    Rhines's Motion for Leave to file a Supplemental Response and Motion for Leave to File a Second Amended Habeas Petition

Both of Rhines's motions for leave concern the same subject: Rhines wants to supplement his response to the motion for summary judgment and to amend his federal habeas petition for a second time with new evidence in support of three of his ineffective assistance of trial counsel claims. Docket 281; Docket 282.

Both of Rhines's motions center around issues IX.A, IX.B., and IX.I of his federal habeas petition. Issue IX.A asserts that Rhines's trial counsel were ineffective because of "[t]he absence of any true mitigation investigation on

7

behalf of Rhines." Docket 73 at 12. Issue IX.B states that Rhines's trial counsel were ineffective due to "[t]he tepid presentation of evidence during the penalty phase," including a "failure to contact or call available witnesses . . . who would have provided helpful testimony for [Rhines] in the penalty phase." *Id.* Issue IX.I argues that Rhines's trial counsel were ineffective because they failed "to request the hiring of, or consult with, or hire a mitigation consultant or expert." *Id.* at 13. Thus, the three claims all contest the effectiveness of Rhines's trial counsel's investigation and presentation of mitigation evidence.

As for Rhines's supplemental evidence and arguments, Rhines has recently secured affidavits from three experts who have reviewed Rhines's case file and records. These three experts have made their own findings and conclusions concerning Rhines, his background, his mental health, and the effectiveness of Rhines's trial counsel's mitigation efforts. *See* Docket 281-1, -2, and -3. Rhines explains that this new evidence has never before been presented to the state or federal courts and that it "fundamentally alters" his exhausted ineffective assistance claims in such a way as to render them unexhausted once again. Thus, according to Rhines, additional investigation, discovery, and hearings are necessary to develop and present his new unexhausted claims. Rhines argues that the vehicle that allows this court to consider his new evidence is the Supreme Court's decision in *Martinez*. Respondent argues that *Martinez* is inapplicable and that the Supreme Court's decision in *Pinholster* forecloses consideration of this evidence.

**A.   *Pinholster***

Scott Lynn Pinholster was convicted of first-degree murder and sentenced to death. Prior to trial, Pinholster's attorneys had Pinholster examined by Dr. John Stalberg, a psychiatrist, who diagnosed Pinholster with an antisocial personality disorder but concluded that Pinholster "was not under the influence of extreme mental or emotional disturbance at the time of the murders." *Pinholster*, 563 U.S. at 177 (internal quotation omitted). Pinholster's attorneys primarily presented testimony from Pinholster's family members as mitigation evidence. Pinholster's attorneys did not, however, present Dr. Stalberg's findings. *Id.*

In Pinholster's first state habeas petition, he argued that his trial counsel were ineffective because they "failed to adequately investigate and present mitigating evidence, including evidence of mental disorders." *Id.* at 177. Pinholster supported his ineffective assistance claim by presenting evidence in the form of school, medical, and legal records, as well as documents from friends and family. Also among that evidence was a report from Dr. George Woods, another psychiatrist, who more recently had examined Pinholster and diagnosed him with bipolar mood disorder and seizure disorders. *Id.* Dr. Woods also criticized Dr. Stalberg's report as unreliable or otherwise inaccurate. The state courts denied Pinholster's petition for habeas relief.

In his federal habeas, Pinholster asserted the same ineffective assistance claim concerning his trial attorneys' mitigation efforts. Pinholster added, however, an allegation that his trial attorneys also failed to provide Dr. Stalberg with adequate background materials. *Id.* at 178. In fact, Dr. Stalberg agreed.

Dr. Stalberg attested that he received "only some police reports and a 1978 probation report." *Id.* Dr. Stalberg further attested that "had he known about the material that had since been gathered by Pinholster's habeas counsel, he would have conducted 'further inquiry' before concluding that Pinholster suffered only from a personality disorder." *Id.* The parties stipulated that Dr. Stalberg's declaration had not been heard or otherwise considered by the state courts during Pinholster's first habeas proceeding. *Id.* The federal district court stayed Pinholster's federal habeas petition to allow him to return to state court and present his ineffective assistance claim accompanied by Dr. Stalberg's recent declaration. But the state courts again rejected Pinholster's amended claim, and Pinholster returned to federal court. *Id.* Pinholster was allowed to amend his federal habeas petition to mirror the arguments he raised during his second state habeas proceeding. *Id.* at 179.

Back in federal court, both parties moved for summary judgment on Pinholster's amended federal habeas petition. *Id.* In the alternative, Pinholster asked for an evidentiary hearing. The district court granted Pinholster's request for a hearing. *Id.*

Prior to the hearing, the state deposed Dr. Stalberg. He testified that he reviewed the materials that Pinholster's attorneys had not originally presented to him. But Dr. Stalberg further testified that none of the new materials altered his original diagnosis. *Id.* Dr. Stalberg also disagreed with Dr. Woods's conclusion that Pinholster suffered from bipolar disorder. Pinholster did not call Dr. Stalberg to testify at the evidentiary hearing. Rather, Pinholster called

10

two new medical experts: Dr. Sophia Vinogradov and Dr. Donald Olson. *Id.*
Dr. Vinogradov was a psychiatrist who diagnosed Pinholster with "organic
personality syndrome and ruled out antisocial personality disorder." *Id.*
Dr. Olson was a pediatric neurologist who opined that Pinholster suffered from
partial epilepsy and a brain injury. *Id.*

Following the evidentiary hearing, the federal district court granted
Pinholster habeas relief on his ineffective assistance claim. The Ninth Circuit
Court of Appeals originally reversed, but in an en banc opinion, affirmed the
district court and held "that new evidence from the hearing could be considered
in assessing whether the [state court's] decision 'was contrary to, or involved
an unreasonable application of, clearly established federal law' under [28
U.S.C.] § 2254(d)." *Id.* at 180.

The Supreme Court reversed. The Court held that a federal court
reviewing a habeas petition under § 2254(d)(1) is limited to the record that was
before the state court that adjudicated the claim on the merits.[1] *Id.* at 180. The
Court observed that AEDPA's "backward-looking language requires an
examination of the state-court decision at the time it was made. It follows that
the record under review is limited to the record in existence at that same time
*i.e.*, the record before the state court." *Id.* at 182. Further, the Court explained
that "[i]t would be contrary to [AEDPA's] purpose to allow a petitioner to

---

[1] § 2254(d)(2) expressly provides that a federal court's review is limited to
"the facts in light of the evidence presented in the State court proceeding." The
Supreme Court found that the absence of that language from § 2254(d)(1) did
not affect its analysis. *Pinholster*, 563 U.S. at 185 n.7.

overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo.*" *Id.*

The Court held that its "cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* Consequently, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* at 182-83. The Court elaborated that "[w]hat makes the consideration of new evidence strange is . . . the notion that a state court can be deemed to have unreasonably applied federal law to evidence it did not even know existed." *Id.* at n.3. Thus, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185.

**B.     *Martinez***

Luis Mariano Martinez was convicted of two counts of sexual contact with a minor and sentenced to life imprisonment without parole. *Martinez*, 132 S. Ct. at 1313. Independent counsel was appointed to represent him during his direct appeal. The same attorney also represented Martinez during his state habeas proceeding.

State law prohibited Martinez's attorney from asserting an ineffective assistance of trial counsel claim on direct appeal. *Id.* at 1314. Rather, the law required that such a claim had to be raised in state habeas or else it would be waived. Nonetheless, the attorney did not argue in the state habeas that

Martinez's trial counsel were ineffective. *Id.* Rather, she filed a statement analogous to an *Anders* brief asserting that Martinez had no colorable claims for post-conviction relief. Martinez's habeas petition was ultimately dismissed.

Approximately a year-and-a-half later, when represented by new counsel, Martinez filed a second habeas petition in state court. Martinez's new attorney asserted that Martinez received ineffective assistance of trial counsel. *Id.* The state court dismissed his petition, however, concluding that Martinez was barred by state law from raising claims for relief that should have been raised during his first state habeas proceeding. *Id.*

Martinez then filed a federal habeas petition and asserted the same ineffective assistance of trial counsel claims that he asserted in his second state habeas petition. The district court found that Martinez had procedurally defaulted his ineffective assistance of trial counsel claims because he failed to raise the claims in state court in accordance with the state's laws. *Id.* Further, the district court rejected Martinez's argument that the ineffective assistance of his first habeas attorney was "cause" for purposes of excusing the procedural default. The district court relied on the Supreme Court's holding in *Coleman v. Thompson*, 501 U.S. 722 (1991) to support its conclusion. The Ninth Circuit Court of Appeals affirmed.

The Supreme Court reversed. The Court acknowledged that the general rule from its *Coleman* decision was that "there is no constitutional right to counsel in collateral proceedings" and that petitioners cannot assert the ineffectiveness of habeas counsel as a cause to excuse a procedurally defaulted

13

claim. *Id.* at 1315. The Court, nonetheless, created a "narrow exception" that "modif[ies] the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* Specifically, the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* The Court recognized that

> the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, [thus] the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal to the ineffective-assistance claim. . . . When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. . . . And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.

*Id.* at 1316-17. As a solution to that problem, the narrow exception announced in *Martinez* is satisfied when "(1) the [defaulted] ineffective-assistance claim was a 'substantial' claim;[2] (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-counsel claim.' " *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918

---

[2] A "substantial" ineffective assistance claim is said to be one that has "some merit." *Martinez*, 132 S. Ct. at 1318.

(2013)).[3] The Court reiterated the narrowness of its holding, however, and cautioned that the nature of its decision was purely equitable rather than constitutional. *Martinez*, 132 S. Ct. at 1319 (noting several "differences between a constitutional ruling and the equitable ruling of this case").

### C.     Rhines's proceedings

In this court's August 5, 2015 order, the court traced the lineage of attorneys who have represented Rhines at different points in his state and federal proceedings. *See* Docket 272 at 10-12.[4] In South Dakota, ineffective assistance of trial counsel claims are not normally cognizable on direct appeal. *See State v. Hannemann,* 823 N.W.2d 357, 360 (S.D. 2012) ("Only in rare cases will an ineffective-assistance-of-counsel claim be ripe for review on direct appeal."); *State v. Arabie*, 663 N.W.2d 250, 256 (S.D. 2003). Rather, such a claim would need to be raised in state habeas. *See Trevino*, 133 S. Ct. at 1915 (applying *Martinez* when the state proceeding "make[s] it 'virtually impossible' for an ineffective assistance claim to be presented on direct review.") (citation omitted). Although Rhines has had two state habeas proceedings, his first state

---

[3] In the *Martinez* case, the state law required an ineffective assistance of trial counsel claim to be raised in habeas or else the claim was waived. *Martinez*, 132 S. Ct. at 1314. In *Trevino*, the Court applied the rule from *Martinez* to those states that do not *require* such a claim to be made during habeas but whose laws "make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review." *Trevino*, 133 S. Ct. at 1915.

[4] During oral argument on respondent's motion for summary judgment, the court was apprised of the fact that attorneys Judith Roberts and Mark Marshall also represented Rhines for a period of time during his second state habeas proceeding. The names of those attorneys did not appear on the federal docket.

habeas proceeding was the first occasion for him to raise an ineffective assistance of trial counsel claim. Thus, Rhines's first state habeas proceeding was his initial-review collateral proceeding. *Martinez*, 132 S. Ct. at 1315 (defining initial-review collateral proceedings as those "collateral proceedings which provide *the first occasion* to raise a claim of ineffective assistance at trial.") (emphasis added).

As to issue IX.A of Rhines's federal habeas petition, it is undisputed that Rhines argued his "counsel failed to investigate his background for mitigation evidence" during his initial-review collateral proceeding. *See* Brief for Appellant at 34, *Rhines v. Weber*, 608 N.W.2d 303 (S.D. 2000), 1999 WL 34818798. The South Dakota Supreme Court summarily rejected that argument (as well as several other ineffective assistance claims together), stating:

> Rhines raises several other issues relating to ineffective assistance of counsel in his brief. However, these remaining instances are either conclusions, which are wholly unsupported by the record, or sound trial strategy when judged by the circumstances facing trial counsel at the time of their decisions. *Strickland* [*v. Washington*], 466 U.S. [668,] 689 [(1984)]. Therefore, this Court will address the remaining ineffective assistance claims no further than to point out that Rhines has not proven either prong of the ineffective assistance test in regard to these claims. The circuit court's denial of these ineffective assistance issues is affirmed.

*Rhines v. Weber*, 608 N.W.2d 303, 313 (S.D. 2000). [5]

---

[5] Rhines asserts that the summary denials of his claims deprived him of "full and fair process during his state habeas proceedings[.]" Docket 289 at 8. But the Supreme Court has held that "Section 2254(d) applies *even where there has been a summary denial*. In these circumstances, [the petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court] decision." *Pinholster*, 563 U.S. at 187-88 (emphasis added); *see also Harrington v. Richter*, 562 U.S.

It is also undisputed that issues IX.B and IX.I were unexhausted when Rhines filed his original federal habeas petition and that Rhines was permitted to return to state court to exhaust those claims, along with several others. The Seventh Judicial Circuit of South Dakota denied Rhines relief on his previously unexhausted claims. *See* Docket 204-1 at 15-22, 24-25. The circuit court also considered anew Rhines's argument that his trial counsel failed to properly perform a mitigation investigation (*i.e.,* issue IX.A). *See id.* at 15 ("Rhines contends that his trial counsel failed to properly investigate possible mitigation evidence."). The circuit court also received and considered evidence that Rhines offered in support of his ineffective assistance claims that had not originally been presented during Rhines's initial-review collateral proceeding, including: affidavits from members of Rhines's community and a report from Dr. Dewey Ertz, a psychologist, who had recently reviewed Rhines's case file and records. *Id.* at 16. Dr. Ertz administered several tests to Rhines and opined that Rhines may suffer from ADHD and a type of cognitive processing disorder. *Id.* at 16-17. The circuit court was unpersuaded and concluded that Rhines's trial attorneys were not ineffective. *Id.* at 22.

## D.   Analysis

In *Martinez*, the petitioner argued that his initial-review collateral proceeding attorney should have raised, but did not raise, a claim for ineffective assistance of trial counsel. Because the claim was not raised at the

---

86, 99 (2011) ("There is no merit to the assertion that compliance with § 2254(d) should be excused when state courts issue summary rulings[.]").

necessary time, the claim was procedurally defaulted, and the petitioner never received an adjudication on the merits of the claim. Through the narrow exception created by *Martinez*, the petitioner was allowed to assert his initial-review collateral proceeding counsel's ineffectiveness as "cause" to excuse the default. In *Pinholster*, by contrast, the petitioner's ineffective assistance of trial counsel claim was not procedurally defaulted; rather, it was raised and rejected on the merits in state habeas. Because the claim was raised and rejected on the merits, the federal court was limited to the record that was before the state court that adjudicated the claim and was prohibited from receiving new evidence offered in support of the exhausted claim.

Rhines's case is indistinguishable from *Pinholster*. Here, like in *Pinholster*, Rhines argued that his trial attorneys ineffectively investigated and presented mitigation evidence. As in *Pinholster*, Rhines's arguments were raised and rejected on the merits in his state habeas. Similar to *Pinholster*, Rhines was permitted to return to state court after this court determined that Rhines's federal petition contained both exhausted and unexhausted claims. As in *Pinholster*, Rhines received an adjudication on the merits of all of his claims in state court before returning to federal court. And now, like in *Pinholster*, Rhines seeks to bolster his exhausted ineffective assistance claims with new evidence that was not presented to or considered by the state court. Just like in *Pinholster*, this new evidence consists of contemporary expert opinion evidence that suggests Rhines's trial attorneys failed to investigate and present additional mitigation evidence. But, as the Court held in *Pinholster*, this court's

18

review of Rhines's exhausted claims is subject to § 2254(d) and is limited to the evidence that was before the state court that adjudicated the claims.

By comparison, Rhines's case bears little resemblance to *Martinez*. Unlike in *Martinez*, Rhines's initial-review collateral proceeding counsel asserted that Rhines's trial attorneys were ineffective. Unlike in *Martinez*, because Rhines's ineffective assistance claims were raised at the necessary time, they were not procedurally defaulted. Unlike in *Martinez*–and perhaps most importantly–Rhines received a state court adjudication on the merits of his ineffective assistance claims. *See Martinez*, 132 S. Ct. at 1316 (explaining that "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims."). Thus, the critical rationale for the "narrow exception" of *Martinez* is lacking from Rhines's case. *Cf. Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("Thus, unlike Martinez, Arnold has already had his day in court[.]").

This is true whether viewing Rhines's three ineffective assistance claims in isolation or together. Issue IX.A was raised and rejected on the merits in Rhines's initial-review collateral proceeding. The claim was never defaulted, so *Martinez* does not apply to it. Issues IX.B and IX.I were originally unexhausted, but Rhines was permitted to raise them in his second state habeas proceeding. Rhines then received an adjudication on the merits of those two claims–as well as a second consideration of issue IX.A–so those claims were never defaulted either. Thus, *Martinez* would not apply to them. Additionally, Rhines's second

state habeas proceeding was, by definition, not "*the first occasion* to raise a claim of ineffective assistance of counsel." *Martinez*, 132 S. Ct. at 1315 (emphasis added). Rhines's second state habeas proceeding was therefore not his initial-review collateral proceeding. Thus, even if counsel failed to raise issues IX.B and IX.I at that proceeding–which they did not–*Martinez* would still not apply. *Id.* at 1320 ("*The rule of* Coleman *governs in all but the limited circumstances recognized here.* The holding in this case does not . . . extend to attorney errors in *any* proceeding beyond *the first occasion* the State allows a prisoner to raise a claim for ineffective assistance at trial[.]"). Consequently, because Rhines has received an adjudication on the merits of all of his ineffective assistance claims, *Martinez* does not apply. Rather, *Pinholster* controls this court's review of Rhines's claims.

"Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotations omitted). In substance, Rhines's argument is that his habeas attorneys should have litigated his ineffective assistance claims differently. What Rhines seeks is another opportunity to present his ineffective assistance claims, this time with more evidence and different arguments that could have been made before. But Rhines's position would transform the "narrow exception" of *Martinez* into a limitless chasm that would nullify every purpose Congress had when it enacted AEDPA.

This conclusion is consistent with the holdings by two other circuits. In *Escamilla v. Stephens*, 749 F.3d 380, 382 (5th Cir. 2014), the petitioner attempted to rely on *Martinez* to argue that the district court should have considered new evidence in support of his exhausted ineffective assistance claim. That new evidence had never before been presented to the state courts. The Fifth Circuit disagreed, explaining that "*Martinez* does not apply to claims that were fully adjudicated on the merits by the state habeas court because those claims are, by definition, not procedurally defaulted." *Id.* The court explained that "once a claim is considered and denied on the merits by the state habeas court, *Martinez* is inapplicable, and may not function as an exception to *Pinholster*'s rule that bars a federal habeas court from considering evidence not presented to the state habeas court." *Id.* at 395. The additional evidence did not "fundamentally alter" the petitioner's claim "but merely provided additional evidentiary support for his claim that was already presented and adjudicated in state court." *Id.* Thus, *Pinholster* barred consideration of the new evidence.

The Sixth Circuit reached a similar conclusion in *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013). In *Moore*, the court refused to "turn *Martinez* into a route to circumvent *Pinholster*." *Id.* It held that "*Pinholster* plainly bans such an attempt to obtain review of the merits of claims presented in state courts in light of facts that were not presented in state court. *Martinez* does not alter that conclusion." *Id.* This court agrees with the reasoning of the Fifth and Sixth Circuit Courts of Appeals: *Pinholster* bars consideration of new evidence

in federal court concerning claims that have already been adjudicated on the merits in state court, and the exception in *Martinez* does not apply to such claims.[6] Moreover, the additional evidence that Rhines wishes to present does not fundamentally turn his exhausted claim into an unexhausted one; rather, it provides additional evidentiary or factual support for a claim that was already presented in state court. Consequently, this court cannot consider this new evidence.

The court's conclusion is supported by binding precedent from the Eighth Circuit Court of Appeals. While the Eighth Circuit's decision in *Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009) presaged *Pinholster* and *Martinez*, the reasoning in *Ward* is consistent with the holdings of those later cases. In *Ward*, the petitioner asserted in state habeas that his trial counsel was ineffective. More specifically, Ward argued that his attorney should have sought recusal of the judge that presided over the guilt phase of Ward's trial. *Ward*, 577 F.3d at 929. According to Ward, the judge demonstrated bias because the judge did not allow counsel for the defense to approach the bench to make objections but did allow counsel for the prosecution to do so. *Id.* The state courts denied Ward relief, and he asserted the same ineffective assistance claim in his federal

---

[6] A fractured en banc opinion of the Ninth Circuit Court of Appeals reached a contrary opinion in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014). The majority reached the conclusion that a habeas petitioner could advance new evidence that "fundamentally altered" a previously adjudicated ineffective assistance claim. *Id.* at 1317. This court does not find the bare bones reasoning of the majority opinion persuasive.

habeas. *Id.* at 930. But Ward also attempted to bolster his exhausted claim with additional evidence. The Eighth Circuit observed:

> Ward's arguments to the state and federal district courts were confined to the trial judge's refusal to allow his attorneys the same opportunity to approach the bench that the prosecution was afforded. On appeal, Ward argues several other factual bases that allegedly demonstrate the trial judge's bias towards the prosecution.

*Id.* at 935. The court found that "Ward is attempting to broaden impermissibly his ineffective assistance of counsel claim to include factual bases not raised before both the state courts and the district court." *Id.* The court concluded that its review was limited "to the facts related to the argument made to the state courts" and reviewed Ward's ineffective assistance claim through the lens of § 2254(d). *Id.* at 936. Thus, although *Ward* involved the appropriate scope of the court's review of the record on appeal, its conclusion was consistent with *Pinholster*: The district court is limited to a review of the evidence that was presented to the state court that adjudicated the claim on the merits. *See also McGehee v. Norris*, 588 F.3d 1185, 1194 (8th Cir. 2009) (concluding "that the district court erred in considering evidence never presented in state court").

Finally, this court's conclusion is consistent with *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). *Vasquez* is a pre-AEDPA case that was decided in the era of habeas corpus jurisprudence when a petitioner could be denied relief in federal court if the petitioner "deliberately bypassed" developing or presenting his claims for the first time in state court. *Cf. Townsend v. Sain*, 372 U.S. 293, 317 (1963), *overruled by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992)

(applying the cause-and-prejudice standard to defaulted claims instead of the deliberate bypass standard). In *Vasquez*, the petitioner asserted an equal protection claim in both state and federal habeas. *Vasquez*, 474 U.S. at 256. The district court ordered, under § 2254 and Rule 7(b), that the petitioner submit census data and affidavits related to the number of African-Americans in Kings County, California, who were qualified for grand jury service. *Id.* at 258-59. The Supreme Court observed that this evidence was meant to "clarify the relevant facts" of the equal protection claim and that it did not "fundamentally alter" the claim that was originally presented in state court into an unexhausted claim. *Id.* at 260. Because the addition of the evidence to the record was ordered by the district court, the Supreme Court concluded that there was no reason to believe that the petitioner attempted to deliberately bypass the state proceedings by withholding evidence. *Id.* (concluding "the circumstances [here] present no occasion for the Court to consider a case in which the petitioner has attempted to expedite federal review by deliberately withholding essential facts from the state courts."). Thus, the pre-AEDPA nature of the case, as well as the deliberate bypass rule in effect at the time, provides context to the Court's decision.

This court has not ordered Rhines to supplement the record with additional evidence that is meant to clarify the record. And based on this court's interpretation of *Pinholster*, the court could not consider that new evidence even if the court received it. *See Pinholster*, 563 U.S. at 187, 230 nn. 11, 20 ("Even if the evidence adduced in the District Court additionally

24

supports his claim, as Pinholster contends, we are precluded from considering it. . . . We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim."). Thus, Rhines's motions for leave to file a supplemental response to respondent's summary judgment motion and for leave to file a second amended habeas petition are denied. Rhines's motion for reconsideration is likewise denied.

## III.   Rhines's Motion to Strike

On November 11, 2015, respondent filed a supplemental statement of material facts in support of its pending summary judgment motion. Docket 290. Rhines moves the court to strike the supplemental statement.

Following oral argument on respondent's motion for summary judgment, the court granted the parties an opportunity to submit additional briefing on two issues: first, on the interplay between the standards of review applicable to Federal Rule of Civil Procedure 56 and 28 U.S.C. § 2254; and second, on the relationship between *Martinez* and *Pinholster*. It was during the period of time for additional briefing on those two issues that respondent submitted its supplemental statement of material facts. But the court's order did not direct the parties to file a supplemental statement of material facts nor did respondent first seek permission from the court to file such a statement.

Respondent's supplemental statement of material facts consists of facts from the existing record that were not specifically highlighted when respondent moved for summary judgment. Respondent argues that it would be unfairly prejudiced if the court grants Rhines's motion to supplement the record with

25

additional evidence and respondent is not afforded the same opportunity. Docket 298 at 1 ("Rhines cannot have it both ways. He cannot introduce arguments against summary judgment not raised in his opposition brief but prevent the respondent from opposing those new arguments with pertinent facts from the existing record."). But because the court has denied Rhines's motion to supplement the record, respondent's concerns of unfairness are moot. Thus, the court strikes respondent's supplemental statement of facts, and those facts will not be considered in conjunction with respondent's motion for summary judgment.

## IV.    Other Motions

Rhines, acting *pro se*, has filed two motions. The first is styled as a motion to suppress incriminating statements Rhines made to law enforcement officers in June of 1992. Docket 233. Rhines argues that he invoked his right to counsel prior to making some of the incriminating statements and that certain booking procedures employed by the King County police department in Washington should be investigated. The second motion primarily requests that certain members of the Federal Public Defender's Office be investigated because, according to Rhines, they have conspired to sabotage his habeas proceeding. Docket 300.

As to Rhines's motion to suppress, it is untimely. SDLC 23A-8-3(4) (motions to suppress evidence must be raised prior to trial). As to Rhines's motion to investigate the Federal Public Defender's Office, Rhines's allegations,

26

even if true, do not merit investigation. Thus, the court denies both of Rhines's *pro se* motions.

## CONCLUSION

Rhines is not entitled to relief on his motion for reconsideration of the court's August 5, 2015 order denying an additional stay of this proceeding. Rhines will not be permitted to supplement the record with additional evidence in support of his exhausted claims nor will be permitted to submit a second amended habeas petition to include additional arguments based on the new evidence. The court grants Rhines's motion to strike respondent's supplemental statement of material facts. Both of Rhines's *pro se* motions are denied. Accordingly, it is

ORDERED that Rhines's motion for reconsideration (Docket 279) is denied.

IT IS FURTHER ORDERED that Rhines's motion for leave to file a supplemental response (Docket 281) is denied.

IT IS FURTHER ORDERED that Rhines's motion for leave to file a second amended habeas petition (Docket 282) is denied.

IT IS FURTHER ORDERED that Rhines's motion to strike respondent's supplemental statement of material facts (Docket 293) is granted.

IT IS FURTHER ORDERED that Rhines' motion to suppress (Docket 233) is denied.

27

IT IS FURTHER ORDERED that Rhines's motion to investigate the

Federal Public Defender's Office (Docket 300) is denied.

Dated February 16, 2016.

BY THE COURT:

/s/ Karen E. Schreier

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE