UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES RUSSELL RHINES, <br><br> Plaintiff, <br><br> vs. <br><br> DARIN YOUNG, Warden, South Dakota State Penitentiary; <br><br> Defendant. | 5:00-CV-05020-KES <br><br> MEMORANDUM OPINION AND ORDER |

Petitioner, Charles Rhines, moves the court to seal his motion for expert access and his reply brief. Rhines's motion for expert access seeks an order from this court allowing Dr. Robert D. Shaffer to conduct a neuropsychological examination of Rhines. Respondent opposes the motions to seal and the motion for expert access. For the following reasons, the court denies the motions to seal and denies the motion for expert access.

## BACKGROUND

The procedural history of this case is more fully set forth in the court's February 16, 2016 order granting summary judgment in favor of respondent. Docket 305. The following facts are relevant to Rhines's pending motion:

Rhines is a capital inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He was convicted of premeditated first-degree murder for the death of Donnivan Schaeffer and of third-degree burglary of a Dig'Em Donuts Shop in Rapid City, South Dakota. A jury found that Rhines

should be subject to death by lethal injection, and a state circuit court judge imposed the sentence. On February 16, 2016, this court granted respondent's motion for summary judgment and denied Rhines's federal petition for habeas corpus. On March 9, 2016, Rhines moved the court for an order allowing Dr. Schaffer to conduct a comprehensive neuropsychological evaluation of Rhines at the penitentiary.[1]

Rhines argues that Dr. Shaffer should be permitted to conduct his examination because Dr. Shaffer's evaluation is a component of Rhines's federal habeas proceeding. Dr. Shaffer requires as a part of his examination that Rhines's hands remain unshackled and that Rhines be allowed to use his hands during several tests. Rhines argues that he attempted to schedule the evaluation through the South Dakota Department of Corrections (DOC), but DOC personnel insist that Rhines first obtain a court order before Dr. Shaffer can be given access to Rhines at the prison.

Correspondence between Rhines's attorneys and DOC personnel is attached to Rhines's motion. In that correspondence, DOC personnel state that the reason Dr. Shaffer cannot receive the type of access that Rhines requests is because of prison safety concerns. More specifically, DOC policy requires that capital inmates such as Rhines remain restrained in the presence of visitors. DOC personnel are concerned by Rhines's behavior while he has been incarcerated and believe that he may pose a danger to others.

---

[1] Rhines filed a substantively similar motion on March 7, 2016. Docket 310. The present motion is styled as an amended motion. Thus, the court considers the March 7 motion mooted by the filing of the amended motion.

DOC personnel also argue–and respondent agrees–that Dr. Shaffer cannot be given access to Rhines for any reason unless Rhines complies with SDCL 23A-27A-31.1. That statute provides:

> From the time of delivery to the penitentiary until the infliction of the punishment of death upon the defendant, unless lawfully discharged from such imprisonment, the defendant shall be segregated from other inmates at the penitentiary. *No other person may be allowed access to the defendant without an order of the trial court except penitentiary staff, Department of Corrections staff, the defendant's counsel, members of the clergy if requested by the defendant, and members of the defendant's family.* Members of the clergy and members of the defendant's family are subject to approval by the warden before being allowed access to the defendant.

SDCL 23A-27A-31.1 (emphasis added). Respondent contends that Dr. Shaffer is not a member of the penitentiary staff, DOC staff, defendant's counsel, a member of the clergy, or a member of Rhines's family. Thus, respondent argues that DOC personnel do not have the authority to grant Dr. Shaffer access to Rhines. Rather, Rhines must first obtain a court order. Although Rhines disagrees with respondent's contention,[2] Rhines asks this court to issue an order allowing Dr. Shaffer to conduct his examination.

---

[2] Rhines argues that Dr. Shaffer is a member of "the defendant's counsel" because Dr. Shaffer has been hired as an expert. The court is unaware of any authority interpreting SDCL 23A-27A-31.1. The court concludes that the statute's "No other person" language precedes and, therefore, explicitly limits the individuals who can be given access to a capital inmate without a court order. Thus, the language pertaining to "the defendant's counsel" is limited to the defendants' attorneys and does not include other members of the defense team generally.

3

**DISCUSSION**

**I.      Motions to Seal**

Rhines originally filed his motion for expert access *ex parte*. The court denied the motion and directed Rhines to serve a copy of the motion on respondent because Rhines's request may implicate the legitimate penological interests of the state of South Dakota. Rhines now requests that his motion and his reply brief be sealed because their contents implicate the attorney-client privilege or attorney work product doctrine.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The public right, however, is not absolute. *Id.* (quoting *id.* at 598). The Eighth Circuit has held that " 'only the most compelling reasons can justify non-disclosure of judicial records.' " *Id.* (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2006)). Whether court records should be sealed is a matter committed to the discretion of the district court. *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

Generally, the attorney-client privilege extends to confidential communications exchanged between a client and his or her attorney. *See In re Grand Jury Proceedings*, 791 F.2d 663, 666 (8th Cir. 1986). "Confidential communications encompass that information communicated on the understanding that it would not be revealed to others[.]" *Id.* By contrast, the work product doctrine protects factual information compiled by an attorney or

4

the attorney's "mental impressions, conclusions, opinions or legal theories." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). A party "must show the materials were prepared in anticipation of litigation, *i.e.,* because of the prospect of litigation" for work product protection to apply. *PepsiCo, Inc. v. Baird, Kurtz, & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002).

Rhines argues only generally that the attorney-client privilege or the work product doctrine applies. The bulk of Rhines's motion and reply consists of citations to caselaw involving a criminal defendant's Sixth Amendment right to counsel and the American Bar Association's guidelines for defense attorneys. Rhines presumably included this information as legal authority for why his motion should be granted. The arguments do not, however, involve communications between an attorney and Rhines. Similarly, they are not entitled to work product protection any more than an ordinary brief to the court. The other major component of Rhines's submissions consists of descriptions and copies of emails sent between Rhines's attorneys and DOC personnel discussing whether Dr. Shaffer will be allowed to conduct his examination. Also included are pictures of Dr. Shaffer's equipment and descriptions of the tests he would perform. These emails are not attorney-client communications but rather communications involving third-parties to which the privilege does not apply. *United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003). Likewise, the communications are not entitled to work product protection because they are not materials prepared in anticipation of litigation.

The public has a right to inspect court records and documents. Rhines's bare desire for secrecy is not sufficient to overcome the public's interest. Thus, the court will not seal Rhines's motion or his reply brief.

## II.     Motion for Expert Access

Rhines argues that this court may enter an order under SDCL 23A-27A-31.1 and direct the DOC to give Dr. Shaffer access to Rhines at the penitentiary. The court disagrees. Rhines is confined in a state penitentiary, not a federal penitentiary. The statute that Rhines contends authorizes access is a state law, not a federal law. It provides for "other person[s]" not specified in the statute to seek "an order of the trial court" before those persons can be afforded access to the inmate "at the penitentiary." In Rhines's case, the trial court is the Circuit Court for the Seventh Judicial Circuit of South Dakota. Rhines has not attempted to obtain an order from the state trial court.

Principles of comity and federalism caution against the assertion of power by one sovereign over another without a clear grant of that authority in the first instance. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003). "Congress enacted [the Antiterrorism and Effective Death Penalty Act of 1996] to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotations omitted). Also, the DOC's safety concerns are not easily disregarded because courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant

6

responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *see also Procunier v. Martinez*, 416 U.S. 396, 405 (1974) ("Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities"), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). The court concludes that SDCL 23A-27A-31.1 does not authorize this court to grant Rhines the access he requests.

      Rhines has not otherwise provided a statute or rule of law that enables this court to direct the DOC to provide Dr. Shaffer access to Rhines at the penitentiary. Rather, Rhines cites generally to a criminal defendant's Sixth Amendment right to receive the effective assistance of counsel. There is not, however, a constitutional right to counsel in federal habeas actions. *Ryan v. Gonzales*, 133 S. Ct. 696, 703-04 (2013). Section 3599(a)(2) of title 18 provides a statutory right for indigent capital inmates to receive federally funded representation and investigative services. 18 U.S.C. § 3599(a)(2). The court may also authorize federal funding "if reasonably necessary" for the purpose of hiring an expert to conduct a mental health examination. 18 U.S.C. § 3599(f); *see Edwards v. Roper*, 688 F.3d 449, 462 (8th Cir. 2012). But Rhines is not asking for additional funds, however, and nothing in the statute enables the court to command state prison personnel in the manner Rhines suggests. *Cf. Baze v. Parker*, 711 F. Supp. 2d 774, 779 (E.D. Ky. 2010) (holding § 3599(f) "does not give the Court the authority to issue an order granting a defendant

access to certain state officials or others in the hopes that they will provide information relevant to the clemency process") *aff'd* 632 F.3d 338 (6th Cir. 2011).

The essence of Rhines's motion is that Dr. Shaffer should be allowed to conduct his examination because Dr. Shaffer's findings would be a component of Rhines's federal habeas proceeding. More specifically, Dr. Shaffer's findings could be used to support Rhines's arguments that Rhines received ineffective assistance of counsel because his state court trial attorneys inadequately investigated and presented mitigating evidence. *See* Docket 313-1 at 8 ("Similarly, in Mr. Rhines's case, the evidence developed by trial counsel encompassed only a narrow set of sources.").

Even if this court had the authority to facilitate Rhines's request, it would decline to exercise that authority for several reasons. First, the court has already denied all of Rhines's claims for federal habeas relief, including his ineffective assistance claims. *See* Docket 305 at 81-117. Second, Rhines was denied leave previously to supplement the record and to amend his federal habeas petition to include new evidence in support of his exhausted ineffective assistance claims.[3] That evidence included "affidavits from three experts who have reviewed Rhines's case file and records" and who "made their own findings and conclusions concerning Rhines, his background, his mental health, and the effectiveness of Rhines's trial counsel's mitigation efforts."

---

[3] The court has also twice rejected Rhines's argument that the narrow exception for presenting unexhausted ineffective assistance claims announced in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies in Rhines's case. See Docket 272 at 12-13; Docket 304 at 16-20.

Docket 304 at 8. Dr. Shaffer was one of those experts who submitted an affidavit and related findings. Docket 281-2; Docket 282-2. The court denied Rhines's motions in light of the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). Specifically, the court found that

> Rhines's case is indistinguishable from *Pinholster*. Here, like in *Pinholster*, Rhines argued that his trial attorneys ineffectively investigated and presented mitigation evidence. As in *Pinholster*, Rhines's arguments were raised and rejected on the merits in his state habeas. Similar to *Pinholster*, Rhines was permitted to return to state court after this court determined that Rhines's federal petition contained both exhausted and unexhausted claims. As in *Pinholster*, Rhines received an adjudication on the merits of all of his claims in state court before returning to federal court. And now, like in *Pinholster*, Rhines seeks to bolster his exhausted ineffective assistance claims with new evidence that was not presented to or considered by the state court. Just like in *Pinholster*, this new evidence consists of contemporary expert opinion evidence that suggests Rhines's trial attorneys failed to investigate and present additional mitigation evidence. But, as the Court held in *Pinholster*, this court's review of Rhines's exhausted claims is subject to § 2254(d) and is limited to the evidence that was before the state court that adjudicated the claims.

Docket 304 at 18-19. The court could not, therefore, consider Dr. Shaffer's findings even if the court had not already denied Rhines's claims. *Id.* at 22 ("Consequently, this court cannot consider this new evidence").

Finally, construing Rhines's motion as one for an evidentiary hearing would obtain the same result. Section 2254(e)(2) governs the circumstances in which an evidentiary hearing may be held. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). That section provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

9

>> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The Supreme Court has held that "[s]ection 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Pinholster*, 563 U.S. at 186.

The Eighth Circuit's decision in *Wright v. Bowersox*, 720 F.3d 979 (2013) is instructive on this issue. The *Wright* decision involved a § 2254 petitioner who waived his right to counsel and was allowed to represent himself at trial. *Id.* at 982. He was convicted by a jury. Wright argued in state and federal habeas that the state trial court erred in determining that he was competent to stand trial and to waive his right to counsel. *Id.* at 982-83. Wright also moved for an evidentiary hearing in federal court to present testimony and a report from Dr. Stephen Peterson in support of his argument that he was not competent at the time of his trial. *Id.* at 987. The district court denied Wright's request, and the Eighth Circuit affirmed. The Eighth Circuit held

> Second,[4] this hypothetical rebuttal evidence, even if it were to prove Wright's incompetence, would still not entitle him to habeas relief on his asserted grounds. Even assuming Dr. Peterson's testimony demonstrated Wright to have been incompetent at the time of his trial and waiver of counsel, the testimony was not available to the state court at the time of its decision. Accordingly, this testimony would have no bearing on whether the state court's decision was based on an unreasonable determination of the facts because the testimony was not available for consideration by the state court. *Cullen v. Pinholster,* ⸺ U.S. ⸺, 131 S.Ct. 1388, 1398–1401, 179 L.Ed.2d 557 (2011).

*Id.* Thus, the court could not consider Dr. Shaffer's findings even if the court granted Rhines an evidentiary hearing.

## CONCLUSION

Rhines has not attempted to comply with the state statute governing access to capital inmates in the state penitentiary. Rhines has also not identified an applicable statute or rule of law enabling this court to direct the DOC personnel to give Dr. Shaffer access to Rhines in lieu of complying with the state statute. And assuming the court has the authority to do so, Rhines has not identified adequate grounds justifying the relief that he seeks. Accordingly, it is

ORDERED that Rhines's motion to seal (Docket 310) is denied as moot.

IT IS FURTHER ORDERED that Rhines's motion to seal (Docket 313 and Docket 315) is denied. The motions will be unsealed in five days, unless they are withdrawn within five days.

---

[4] The Eighth Circuit first observed that Wright "has not established he was unable to develop his claim in state court." *Wright*, 720 F.3d at 987; *see* 18 U.S.C. § 2254(e)(2). Rhines has similarly not made such a showing.

IT IS FURTHER ORDERED that Rhines's motion for expert access (Docket 313-1) is denied.

Dated April 12, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE