UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES RUSSELL RHINES,<br><br>Petitioner,<br><br>vs.<br><br>DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PENITENTIARY;<br><br>Respondent. | 5:00-CV-05020-KES<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND, DENYING MOTION FOR RELIEF FROM JUDGMENT, AND DENYING MOTION FOR EXPERT ACCESS |

Petitioner, Charles Russell Rhines, moves the court for leave to amend his petition for habeas corpus under Fed. R. Civ. P. 15(a)(2), or in the alternative, moves the court for relief from judgment under Fed. R. Civ. P. 60(b)(6). Docket 383. Respondent, Darin Young, resists the motion on both grounds. Docket 389. In addition, Rhines moves the court for an order requiring Young to produce Rhines for two mental health expert evaluations in support of a potential clemency application to the South Dakota Governor. Docket 394. Respondent also opposes Rhines's motion for expert access. Docket 396.[1] For the following reasons, the court denies Rhines's motion to

---

[1] Contained in respondent's briefs in opposition to Rhines's motions are numerous ethical allegations against the Pennsylvania Federal Community Defender's Office. Such claims have no relevance to Rhines's case, the law pertinent to Rhines's motions, or the particular attorneys appointed to represent Rhines. Rhines's motions appear to the court to be no more than zealous representation of Rhines, which is what this court expects from court appointed counsel. Respondent's ethical allegations are stricken as scandalous.

amend under Rule 15(a)(2), denies Rhines's motion for relief from judgment under Rule 60(b)(6), and denies Rhines's motion for expert access.

## BACKGROUND

The factual and procedural history of this case is more fully set forth in the court's February 16, 2016 order granting summary judgment in favor of respondent. *See* Docket 305. The court will briefly summarize the procedural history and then address any facts that are relevant to Rhines's pending motions throughout the analysis.

Rhines is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He was convicted of premeditated first-degree murder and third-degree burglary of a Dig'Em Donuts Shop in Rapid City, South Dakota. On January 26, 1993, a jury found that the death penalty should be imposed, and the trial judge sentenced Rhines to death by lethal injection. The South Dakota Supreme Court affirmed Rhines's conviction and sentence on direct appeal, and the United States Supreme Court denied further review in 1996. Rhines applied for a writ of habeas corpus in state court, raising numerous issues, which was denied in 1998 and affirmed by the South Dakota Supreme Court in 2000.

Rhines then filed a federal petition for a writ of habeas corpus in 2000. This court found several of Rhines's claims were unexhausted and granted a stay pending exhaustion in state court. Following respondent's appeal, the Eighth Circuit vacated the stay and remanded the case. Rhines filed a petition for a writ of certiorari in the United States Supreme Court, which granted

certiorari. After finding that a stay and abeyance is permissible under some circumstances, the Supreme Court remanded the case for further analysis not relevant to the pending motions. Ultimately, Rhines's petition in this court was stayed until he exhausted his state court claims. When this court lifted the stay, respondent moved for summary judgment. On February 16, 2016, this court granted respondent's motion for summary judgment, denied Rhines's amended habeas petition, and ruled on numerous other motions not relevant to the current motions. *See* Dockets 304, 305, 306. The court then denied Rhines's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Docket 348. On August 3, 2016, Rhines appealed this court's rulings to the Eighth Circuit Court of Appeals. Docket 357. Rhines has filed the two current motions during the pendency of his appeal.

## DISCUSSION

### I. Rhines's Motion for Leave to Amend Petition under Fed. R. Civ. P. 15(a)(2)

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner must file his or her application for a writ of habeas corpus within one year of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because habeas proceedings are civil in nature, the Federal Rules of Civil Procedure apply. *See* 28 U.S.C. § 2242 ("[An application for a writ of habeas corpus] may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with the opposing party's consent or the court's leave "when justice so requires." But a petitioner's amendment must meet the relation back requirements set forth in Federal Rule of Civil Procedure 15, which provides:

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . .

Fed. R. Civ. P. 15(c); *see also McKay v. Purkett*, 255 F.3d 660, 660-61 (8th Cir. 2001) (applying Rule 15(c) to a petitioner's § 2254 amended petition and affirming the district court's dismissal of the amended claims because they did not relate back to petitioner's original claims). Thus, in the habeas context, any amendment to a timely filed habeas petition must be filed within AEDPA's one-year limitations period or the amendment must assert a claim that arose out of the conduct, transaction, or occurrence set out in the original petition.

The Supreme Court has addressed what the phrase "conduct, transaction, or occurrence" means under Fed. R. Civ. P. 15(c)(2) in the habeas framework. In *Mayle*, the Ninth Circuit, in agreement with the Seventh Circuit, had interpreted "conduct, transaction, or occurrence" to allow relation back to an original habeas petition when the petitioner's new claim stemmed from the petitioner's trial, conviction, or sentence. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). The Supreme Court rejected that definition because it was too broad. *Id.* at 656-58. "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

The substance of Rhines's new claim is that some jurors from his trial have recently expressed the notion that a homosexual bias against Rhines "played a significant role in the decision to sentence him to death." Docket 383 at 1. And Rhines argues such juror bias is now admissible under the United States Supreme Court's recent decision in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017). *Id.*

Because Rhines has appealed this court's denial of his habeas petition to the Eighth Circuit and that appeal is still pending, this court must first determine if it has jurisdiction over Rhines's current motion. Rhines maintains that this court still has jurisdiction to allow his amendment because "the judgment is not yet final." *Id.* at 3. Other than his reliance on *Nims v. Ault*, 251 F.3d 698 (8th Cir. 2001) and resistance to *Williams v. Norris*, 461 F.3d 999 (8th

Cir. 2006), which will be addressed below, *see infra* Section II.B., Rhines has

not cited any Eighth Circuit precedent to establish that a judgment is not

considered "final" until it is affirmed on appeal. In response, respondent

contends that this court's judgment is final so the Eighth Circuit has exclusive

jurisdiction over Rhines's case. Docket 389 at 7-9.

## A. Judgment is Final

In general, a district court decision is final if "there is some clear and

unequivocal manifestation by the trial court of its belief that the decision made,

so far as [the court] is concerned, is the end of the case." *Waterson v. Hall*, 515

F.3d 852, 855 (8th Cir. 2008) (internal quotations omitted) (alteration in

original). "A final decision is ordinarily one which disposes of all the rights of all

the parties to an action." *Patterson v. City of Omaha*, 779 F.3d 795, 800 (8th

Cir. 2015) (quotation omitted).

Here, judgment is final. In addition to the order granting respondent's

motion for summary judgment and denying Rhines's petition for habeas corpus

(Docket 305), this court entered a judgment denying Rhines's petition for

habeas corpus relief on February 16, 2016. Docket 306. Entering a judgment

clearly demonstrated the court's belief that Rhines's case was over. Rhines

moved the court to alter or amend its judgment under Fed. R. Civ. P. 59(e)

(Docket 323), which this court denied. Docket 348. Rhines then appealed

several of this court's rulings, including this court's order granting summary

judgment in favor of respondent (Docket 305) and judgment (Docket 306).

Docket 357. *See Patterson*, 779 F.3d at 800 (noting that the Eighth Circuit's

jurisdiction is "limited to appeals taken from final decisions of the district courts."). If the Eighth Circuit affirms this court's order and judgment, nothing further will remain to be done. Thus, this court's judgment, which disposed of all claims in Rhines's petition for habeas corpus relief, was final.

**B.    Because this Court's Judgment was Final, Rhines's Motion to Amend is a Successive Petition.**

AEDPA established a strict procedure that prisoners in custody under a state court judgment must follow in order to file a second or successive habeas corpus application challenging that custody. Under 28 U.S.C. § 2244(b)(2), a claim presented in a successive habeas petition under section 2254 that was not presented in the prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a district court can consider a successive petition, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). There is no indication that Rhines has moved the Eighth Circuit Court of Appeals for an

order authorizing this court to consider Rhines's new claim of juror bias based on his homosexuality.[2]

Rhines argues that "[a]n amendment filed in the district court during the pendency of an appeal of the habeas petition, however, is not considered a second or successive petition." Docket 383 at 4. He relies on *Nims v. Ault*, 251 F.3d 698 (8th Cir. 2001) to support his position, arguing that *Nims* suggests "the addition of a juror misconduct claim after a district court's denial of a habeas petition, but before that petition is resolved on appeal, was not successive" because the *Nims* court considered the claim on its merits. *Id.*

Nims was convicted of kidnapping and sexually abusing an eight year old girl, which was affirmed by the Iowa Supreme Court on direct appeal. *Nims*, 251 F.3d at 700. After his post-conviction application for relief was denied,

---

[2] On January 11, 2017, Rhines filed a protective petition for writ of habeas corpus while his application for authorization to file a successive petition was pending in the Eighth Circuit. Docket 377. The new claim raised in Docket 377, Rhines argues, is based on a new rule of constitutional law made retroactive to cases on collateral review that was announced in *Hurst v. Florida*, 136 S. Ct. 616 (2016). Rhines contends that *Hurst* stands for the rule that a statute must require a jury to make death penalty findings beyond a reasonable doubt in order to comply with the Sixth Amendment, and South Dakota's death penalty statute violates this rule. Docket 377 at 4-6. The Eighth Circuit consolidated Rhines's petition for permission to file a successive habeas petition (*Rhines v. Young*, No. 17-1060 (8th Cir. application docketed Jan. 10, 2017)), with Rhines's appeal of this court's orders (*Rhines v. Young*, No. 16-3360 (8th Cir. appeal docketed Aug. 15, 2016)). *See* No. 17-1060; 16-3360, CLERK ORDER, docketed Feb. 16, 2017. "[T]he panel to which the consolidated cases are submitted for disposition on the merits shall determine whether to grant or deny the petition at the time it considers the appeal from the district court's order denying habeas relief in No. 16-3360." *Id.* This application for authorization, however, does not request authorization to file a successive petition on Rhines's new claim of sexual orientation bias by his state court jury.

Nims filed a federal habeas corpus petition, which was initially denied by the district court. *Id.* While that denial was on appeal to the Eighth Circuit, Nims requested the Eighth Circuit to remand the case to the district court so Nims could file an amended petition raising a newly-discovered claim of juror misconduct. *Id.* The Eighth Circuit dismissed the appeal without prejudice and remanded the case to the district court. *Id.*

The district court then dismissed Nims's amended petition without prejudice in order for Nims to fully exhaust his state remedies. *Id.* Following an unsuccessful attempt in front of the Iowa post-conviction court, Nims again filed a habeas petition in federal court, which was denied by the district court because the newly-discovered claim of juror misconduct was procedurally defaulted. *Id.* at 701. The district court issued a certificate of appealability, and the Eighth Circuit opinion, that Rhines currently relies on, followed.

After discussing Nims's failure to show cause for and prejudice from the default, the Eighth Circuit ultimately concluded that the district court did not err in finding that Nims's new claims were procedurally defaulted. *Id.* at 703. But because the Eighth Circuit considered Nims's new juror misconduct claim on its merits rather than on jurisdictional grounds for successive petitions, Rhines argues that *Nims* stands for the proposition that an amendment filed in the district court while an appeal is pending is not a successive petition. *See id.* at 703-06 (Bye, J., dissenting) (stating that Nims's petition should be considered successive and noting that "[t]he majority permits a prisoner to file a petition in district court, receive a complete adjudication on the merits,

9

appeal, dismiss the appeal to add a new claim, and start all over *without*

*penalty.*") (emphasis in original). As an initial matter, the court does not read

*Nims* to stand for the far-reaching proposition that Rhines suggests.

In *Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006), on the other hand,

the Eighth Circuit affirmed the district court's denial of a motion for relief from

judgment after finding that it was a successive petition. The federal district

court denied Williams's original petition for a writ of habeas corpus. *Id.* at

1000. Williams then filed a motion to alter or amend the judgment, or

alternatively, for relief from judgment, but the district court denied Williams's

motion as successive. *Id.* Then a renewed motion for relief from judgment was

filed on Williams's behalf, raising a new claim based on a recent United States

Supreme Court ruling. The district court determined it was also a successive

habeas petition and denied the motion. *Id.* at 1000-01.

On appeal, the Eighth Circuit reviewed whether Williams's motion for

relief from judgment constituted a successive habeas petition de novo. *Id.* at

1001. The first argument raised by Williams, and noted as the "strongest

argument" by the Eighth Circuit, "revolve[d] around the fact that the district

court did not file a separate judgment, as required by Rule 58, when denying

Williams's initial petition." *Id.*[3] Williams thus argued that the denial of his

---

[3] As discussed above, *see supra* Section II.A., this court filed a judgment as a separate document in Rhines's case (Docket 306), suggesting Rhines's argument here is weaker than the argument raised by Williams. *See Williams*, 461 F.3d at 1001 (noting the district court's inadvertent failure to file a judgment as a separate document was Williams's "strongest argument").

petition was not a final judgment so his Rule 59(e) motions to alter or amend the judgment and his Rule 60(b) motions for relief from judgment "should have been treated as motions to amend the initial habeas petition under Rule 15." *Id.* Despite the clerical error, the Eighth Circuit found that the district court properly dismissed Williams's Rule 59(e) and Rule 60(b) motions as successive petitions because it was clear that the district court intended its order to dispose of Williams's petition on the merits. *Id.* at 1002. The court cited to and discussed *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995), where the Ninth Circuit refused to construe the petitioner's motion to amend a habeas petition, after the district court had denied the petition, as a Rule 15 motion merely because the district court had failed to file a separate judgment. Agreeing with this analysis, the Eighth Circuit in *Williams* refused to accept Williams's argument that his motion should be construed as a Rule 15 motion just because a final judgment was inadvertently not filed.

Williams also argued that his motions were not successive because the denial of his original petition was not yet affirmed on appeal. *Williams*, 461 F.3d at 1003. Relying on *Davis v. Norris*, 423 F.3d 868 (8th Cir. 2005), the Eighth Circuit disagreed with Williams. *Id.*

Rhines argues that *Williams* erroneously relied on *Davis*, a 2005 decision, rather than the 2001 *Nims* decision, because Eighth Circuit precedent directs a court to follow the earliest opinion when there is a conflict between panel opinions. Docket 383 at 4-5 (quoting *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)). Notably missing from Rhines's argument,

however, is the Eighth Circuit's discussion of the potential conflict between *Nims* and *Davis* in *Williams*. The *Williams* court found *Nims* and *Davis* reconcilable because the *Nims* court remanded the petition to the district court in 1992, pre-AEDPA and with the expectation that "petitioner [would] be able to later raise both his original and amended claims on appeal[,]" whereas *Davis* was different "in that the petitioner's request for a remand occurred after the passage of AEDPA." *Williams*, 461 F.3d at 1004. The *Williams* court's discussion of the distinctions between *Nims* and *Davis* leads this court to conclude that there are not two conflicting panel decisions that are implicated here. So Rhines's argument that *Nims*, the earlier decision, is controlling, rather than *Williams* and its reliance on *Davis*, is misplaced. Because Rhines's petition was filed post-AEDPA, *Williams*'s reliance on *Davis*, and the subsequent decision to "reject Williams's claim that an amendment to a petition is not a successive habeas if it occurs after the petition is denied, but before the denial is affirmed on appeal," controls. *Id.* at 1004.

The other issue with Rhines's argument is that *Nims* is distinguishable from this case. In *Nims*, the Eighth Circuit panel remanded the petition to the district court before Nims's petition was heard on appeal because Nims requested a remand. *Nims*, 251 F.3d at 700. And Nims requested the remand pre-AEDPA, but his subsequent appeal was heard and adjudicated by the Eighth Circuit post-AEDPA. Rhines's petition, on the other hand, was adjudicated by this court post-AEDPA, appealed to the Eighth Circuit post-AEDPA, and there is no indication that Rhines has asked the Eighth Circuit to

12

remand his petition to this court in order to amend the petition with his new claim of juror bias. So even if *Nims* did stand "for the proposition that a new claim cannot be deemed successive until the denial of the underlying petition has been affirmed on appeal" just because the *Nims* panel adjudicated Nims's claim on the merits, as Rhines argues (Docket 383 at 5), *Nims* is factually distinct from Rhines's motion. Thus, *Nims* does not support Rhines's position, and, based on *Williams*, the court rejects Rhines's argument that an amendment filed in the district court while the appeal of his habeas petition is pending is not a successive petition.

The court concludes that because it entered a final judgment in Rhines's case and the appeal of that final judgment is still pending, it does not retain jurisdiction to allow Rhines to amend his habeas petition to add a new claim under Fed. R. Civ. P. 15(a). Rather, based on Eighth Circuit case law, Rhines's motion to amend (Docket 383) is a successive petition. And because Rhines has not received authorization from the Eighth Circuit to file a successive petition, this court cannot adjudicate the merits of his motion under Rule 15.

## II.    Rhines's Rule 60(b) Motion

### A.    Jurisdiction

Rhines argues that if the court finds it does not have jurisdiction to grant his motion under Rule 15(a)(2), it should alternatively review the motion under Rule 60(b)(6). Docket 383 at 5. Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for various reasons, such as mistake, newly discovered evidence, or fraud, among others.

Rule 60 includes a catchall provision, which allows the court to relieve a party for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In order for a court to grant a 60(b)(6) motion, the movant must show "extraordinary circumstances" to justify relief, and "[s]uch circumstances will rarely occur in the habeas context." *Buck v. Davis*, 137 S. Ct. 759, 772 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "A district court has discretion under Rule 60(b) to grant postjudgment leave to file an amended complaint if the motion is 'made within a reasonable time,' and the moving party shows 'exceptional circumstances' warranting 'extraordinary relief.' " *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (quoting Fed. R. Civ. P. 60(c)(1); *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)).

What constitutes a reasonable time depends on the facts of the particular case. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). *See Moses v. Joyner*, 815 F.3d 163, 166-67 (4th Cir. 2016) (concluding that the district court did not abuse its discretion in ruling that a habeas petitioner's Rule 60(b)(6) motion for relief from judgment, based on a change in habeas procedural law 15 months after the Supreme Court's decision, was untimely under Rule 60(c)). While leave to amend under Rule 15(a) should be "freely given," post-judgment leave to amend under Rule 60(b) is subject to stricter standards. *See Gonzalez*, 545 U.S. at 535 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)) (noting a " 'very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved' ").

The Federal Rules of Civil Procedure also provide that if a court lacks authority to grant a motion for relief from judgment because an appeal is pending, "the court may: defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Thus, although an appeal is pending, this court may rule on Rhines's Rule 60(b) motion consistent with Rule 62.1(a).

## B.     Second or Successive Petition

The Supreme Court has acknowledged that Rule 60(b) motions in the habeas context, while playing "an unquestionably valid role," must not conflict with AEDPA's standards. *Gonzalez*, 545 U.S. at 533. "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531 (citing 28 U.S.C. § 2244(b)(2)).

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.' *Gonzalez*, 545 U.S. at 530, 532. 'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).' *Id.* at 532 n.4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

> No claim is presented if the motion attacks 'some defect in the integrity of the federal habeas proceedings.' *Id.* at 532. Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.' *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). In *Gonzalez*, the Rule 60(b) motion, which sought to challenge a statute of limitations ruling that had prevented review of the petitioner's initial habeas petition, did not require authorization from the court of appeals. *Gonzalez*, 545 U.S. at 533, 538.

Here, Rhines argues his Rule 60(b)(6) motion is not a claim, and thus not a successive petition, because he attacks a defect in the integrity of the federal habeas proceeding. Docket 383 at 7. Specifically, he argues, "a rule of evidence, now declared unconstitutional [by *Pena-Rodriguez*], precluded review" of his claim of juror bias based on Rhines's homosexuality, and thus, the Supreme Court has removed an obstacle to a merits review of his claim. *Id.*

After considering Rhines's Rule 60(b)(6) motion, the court concludes Rhines's is attempting to present a new claim, which means his motion is a successive petition. Rhines is attempting to assert a claim of sexual orientation bias by the jury based on the Supreme Court's decision in *Pena-Rodriguez*. In other words, Rhines is attempting to use a Supreme Court case, and extend the holding of that case to the facts of his case, as a basis for relief from his death penalty sentence in state court. Thus, Rhines's new claim meets the very definition of "claim" that was established in *Gonzalez*: "an asserted federal basis for relief from a state court's judgment of conviction[.]" *Gonzalez*, 545

16

U.S. at 530; *see also id.* at 538 ("We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."). Rhines is doing exactly that—asserting a claim of error in his state conviction. Because Rhines's Rule 60(b)(6) motion is a successive petition and he did not seek or obtain the Eighth Circuit's authorization to file it, this court does not have jurisdiction to consider it on the merits. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (concluding that because petitioner filed a successive petition without appellate authorization, "the [d]istrict [c]ourt never had jurisdiction to consider it in the first place.").

### III.    Rhines's Motion for Expert Access

Rhines also moves the court for an order requiring respondent to produce Rhines for expert evaluations by Richard Dudley, Jr., M.D., a forensic psychiatrist, and Dan Martell, Ph.D., a neuropsychologist. Docket 394. He plans to use the advice of Dr. Dudley and Dr. Martell for a possible clemency application, should one become necessary. *Id.* The Department of Corrections, acting under SDCL § 23A-27A-31.1, will not allow the two experts to access Rhines in prison without a court order. *Id.*

Rhines previously moved this court for a different doctor's expert access as part of his habeas proceeding. Docket 313. The court denied Rhines's motion because Rhines is in a state penitentiary, not a federal penitentiary, and SDCL § 23A-27A-31.1 authorizes a state trial court—here, the Circuit Court for the Seventh Judicial Circuit of South Dakota—to order the

Department of Corrections staff to allow other persons not specified in the statute access to capital inmates. Docket 334 at 6. Based on the principles of comity and federalism, the court concluded SDCL § 23A-27A-31.1 did not authorize the court to grant Rhines's request. *Id.* at 7.

Rhines contends that he has now addressed the federalism concerns because he has sought relief in the South Dakota courts, which have denied his motion for expert access. Docket 394 at 4; *see also* Docket 394-1 (Circuit Court for the Seventh Judicial Circuit of South Dakota denial of Rhines's motion, dated Oct. 24, 2017); Docket 394-2 (South Dakota Supreme Court order dismissing Rhines's appeal, dated Jan. 2, 2018). As a legal basis for his motion, Rhines argues that this court's appointment of counsel under 28 U.S.C. § 3599 extends representation to clemency proceedings, which may also include expert services in support of such clemency proceedings. Docket 394 at 6. Rhines also argues he has a due process right to these expert services for his possible clemency request. *Id.* at 12.

### A.    Authorization for Representation under 18 U.S.C. § 3599

On Rhines's first argument, 28 U.S.C. § 3599 provides in relevant part:

(a)(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

. . . .

(e) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so

appointed shall represent the defendant throughout every subsequent stage of . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599.

The Supreme Court has interpreted the phrase, "shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant" found in 18 U.S.C. § 3599. *Harbison v. Bell*, 556 U.S. 180, 185 (2009). The Court concluded that the plain language of the statute provides that federally appointed counsel's authorized representation for a habeas petitioner includes state clemency proceedings that are available to state petitioners. *Id.* at 185-86. In rejecting the government's argument that § 3599(e) refers only to federal clemency, the Court reasoned:

To the contrary, the reference to "proceedings for executive or *other* clemency, § 3599(e) (emphasis added), reveals that Congress intended to include state clemency proceedings within the statute's reach. Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law. U.S. Const., Art. II, § 2, cl. 1. By contrast, the States administer clemency in a variety of ways. . . . Congress' reference to "other clemency" thus does not refer to federal clemency but instead encompasses the various forms of state clemency.

*Id.* at 186-87 (internal citations omitted).

The Supreme Court's holding in *Harbison* does not mandate federally funded counsel for a capital habeas petitioner to represent the petitioner in his state clemency proceedings, it merely authorizes such representation. *See*

*Harbison,* 556 U.S. at 194 ("We further hold that § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation."). And authorizing a federally appointed and funded counsel's representation under § 3599 does not give this court the authority to supervise or control a state's clemency process. Thus, 18 U.S.C. § 3599's authorization for representation alone does not require this court to order respondent to produce Rhines for an evaluation by the two mental health experts in support of a clemency request.

### B. Due Process Right to Expert Services for Clemency

Rhines states that he has never received neuropsychological testing to determine if he suffers from any brain disease or injury, and he has never been evaluated by a psychiatrist who engaged in an independent background investigation. Docket 394 at 13. Thus, he argues, it is his due process right to be evaluated by Dr. Dudley and Dr. Martell in support of his "potential clemency application." *Id.* at 2, 12.

The Supreme Court has recognized that "[c]lemency is deeply rooted in our Anglo-American tradition of law, and is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted." *Harbison*, 556 U.S. at 192 (quoting *Herrera v. Collins*, 506 U.S. 390, 411-12 (1993)). And as the Eighth Circuit has explained, "clemency is extended mainly as a matter of grace, and the power to grant it is vested in the executive prerogative, [so] it is a rare case that presents a successful due process challenge to clemency procedures themselves." *Noel v. Norris*, 336 F.3d 648, 649 (8th Cir. 2003) (per

curiam). But in *Ohio Adult Parole Authority v. Woodard*, a divided Supreme Court acknowledged that "some *minimal* procedural safeguards apply to clemency proceedings." 523 U.S. 272, 289 (1998) (O'Connor, J., concurring) (plurality opinion) (emphasis in original).

Rhines has not presented the court with a case holding that a capital habeas petitioner has a due process right to expert evaluations in support of a potential clemency application. In *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985), which Rhines relies on, the Supreme Court held that a capital defendant has a due process right to access a competent psychiatrist when the "defendant demonstrates . . . his sanity at the time of the offense is to be a significant factor at trial" so the psychiatrist can help the defendant prepare his defense. Rhines, on the other hand, is potentially seeking clemency relief. He is not preparing for trial, and his motion for expert access does not raise the issue of insanity at the time of the offense.

The other cases Rhines cites, and the cases this court has reviewed, all discuss the "minimal" due process rights afforded to petitioners in the act of applying for clemency to the respective executive branch—not the preparation leading to a possible application. *See Lee v. Hutchinson*, 854 F.3d 978, 981-82 (8th Cir. 2017) (per curiam) (denying capital inmates' motion to stay executions because the Arkansas Parole Board's clemency process, "despite the procedural shortcomings," afforded the inmates the "minimal due process guaranteed by the Fourteenth Amendment."); *Winfield v. Steele*, 755 F.3d 629, 631 (8th Cir. 2014) (per curiam) (concluding that inmate failed to demonstrate "a significant

possibility of success on his claim that the Missouri clemency process violated his rights under the Due Process Clause" when he claimed correctional employees threatened and pressured someone to not make statements in support of the inmate's clemency application); *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000) (holding that a city attorney's interference, in the form of witness tampering, with the petitioner's efforts to present evidence to the Missouri Governor in his clemency application was "fundamentally unfair" and required a stay of execution). *But see Winfield*, 755 F.3d at 631-32 (Gruender, J., concurring) (maintaining that *Young* "lacks support in relevant Supreme Court authority" and is an "outlier" compared to narrower approaches adopted by other circuits). *See also Turner v. Epps*, 460 F. App'x 322, 330-31 (5th Cir. 2012) (concluding that capital prisoner's motion for expert access to assist in "laying a foundation for a request for clemency" did not violate his due process right).

In fact, the Eighth Circuit has rejected a due process argument for alleged interference with the ability to prepare for a clemency application. In *Noel v. Norris*, 336 F.3d 648, 649 (8th Cir. 2003) (per curiam), a capital prisoner in Arkansas claimed the State of Arkansas violated his due process right by interfering "with his ability to prepare and present his case for executive clemency." The Eighth Circuit noted that "if the state actively interferes with a prisoner's access to the very system that it has itself established for considering clemency petitions, due process is violated." *Id.* One argument Noel presented was that the state did not allow him to undergo a

particular brain-scan procedure to prove his brain damage should be considered in his clemency application. *Id.* But the Eighth Circuit rejected this argument, stating "we cannot say . . . that the state prohibited Mr. Noel from using the procedure that it had established." *Id.*

Rhines presents a similar claim to *Noel* in that he wants to undergo medical evaluations in order to prepare and present a clemency application. But the prisoner in *Noel* had already applied for, and been denied, clemency. Rhines, on the other hand, has construed his motion for expert access in his habeas case as a due process requirement for his "potential" clemency application. Unlike the cases discussed above where due process may be implicated by clemency procedures, Rhines has not initiated his clemency application. And he has not provided evidence that South Dakota has "arbitrarily denied [him] access to its clemency process." *Woodard*, 523 U.S. at 289 (O'Connor, J., concurring) (plurality opinion). No Eighth Circuit case, South Dakota statute, or state or federal constitutional provision creates a due process right to accumulate all information that may lead to a clemency application, or to present a certain type of information in a clemency application. *See Turner*, 460 F. App'x at 331 (noting the lack of "a due process right to a more effective or compelling clemency application."). Because Rhines has not established a due process right to an expert evaluation in preparation for a possible clemency application, his request for this court to order respondent to produce Rhines for evaluations by Dr. Dudley and Dr. Martell is denied.

**CONCLUSION**

Rhines has appealed this court's final judgment to the Eighth Circuit, and that appeal is still pending. Thus, Rhines's Rule 15(a)(2) motion to amend is a successive petition, and Rhines has not received authorization to submit the successive petition to the district court. If construed to be a Rule 60(b)(6) motion, Rhine's motion is also a successive petition. But again, because he has not received authorization from the Eighth Circuit to file a successive petition raising the new claim of juror bias based on his homosexuality, this court does not have jurisdiction to rule on the merits of his motion. Finally, Rhines has failed to show he has a due process right under the Constitution to an expert evaluation in order to prepare for a potential clemency application to the South Dakota Governor. Thus, it is

ORDERED that Rhines's motion to amend, or in the alternative, motion for relief from judgment (Docket 383) is denied.

IT IS FURTHER ORDERED that Rhines's motion for expert access (Docket 394) is denied.

DATED this 25th day of May, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE